NOT FOR PUBLICATION                                                                                          [14]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZABETH A. GAYDEN, : | |
| : | |
| Plaintiff, : | Civil Action No. 04-5299 (FLW) |
| : | |
| v. : | |
| : | OPINION |
| HQ FORT DIX, et al. : | |
| : | |
| Defendant. : | |

**WOLFSON, UNITED STATES DISTRICT JUDGE**

Before the Court is Defendants' Motion, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to Dismiss the Complaint of Plaintiff Elizabeth A. Gayden, pro se, for failure to: (1) state a claim against the named Defendants; (2) make effective and timely service of process on certain unnamed but necessary Defendants; and (3) allege an employment relationship necessary to sustain jurisdiction over her Title VII claim.[1]  Plaintiff, an African-American woman, alleges racial and sexual discrimination under Title VII.  Specifically, Plaintiff argues that her bid for a certain government contract was rejected, and the contract later awarded to a female Caucasian bidder, after Plaintiff was subjected to individual scrutiny not imposed on other bidders and induced by Defendants to submit a higher-priced bid quotation than she intended.  For the reasons that follow, I find that Plaintiff's Complaint fails to state a claim upon which relief may be granted.  Accordingly, Defendants' Motion is granted, and Plaintiff's Complaint is dismissed.

---

[1] Plaintiff has named as Defendants in this case: Fort Dix, the Army Reserve Contracting Center, Rebecca Fowler, a Contract Supervisor, and Karen Umstot, Joanne Coles, and Claudette Lyons, all of whom are Contract Specialists.  All are referred to collectively hereinafter as "Defendants."

1

**I.      BACKGROUND**

Sometime in 2003, Plaintiff submitted a bid to provide certain mental health services to parents and children living at the Fort Dix Army installation in New Jersey, pursuant to a Department of the Army contract numbered, DABJ15-03-T0852, and entitled "Strengthening Your Military Family and Training Program." See Complaint (Compl.) pg. 11, ¶ 1.[2]  According to Plaintiff, on September 30, 2003, several Fort Dix contract specialists requested that she attend a meeting to discuss her bid quotation. Id.  Plaintiff asserts that she was under the impression that the purpose of the meeting was solely to discuss her bid, but that during the meeting she was subjected to a "grueling" evaluation of her skills and training. Id. at ¶ 2.  While discussing the specifics of her proposed bid, Plaintiff claims the contract specialists told her that her bid was lower than usual, and advised her to allocate additional hours for marketing and program development purposes. Id.  According to Plaintiff, the contract specialists eventually revised Plaintiff's bid to include ten additional hours, and a substituted statement of Plaintiff's professional qualifications for the contract. Id.  Plaintiff claims that other bidders on the contract were not subject to similar meetings. Id.  On October 14, 2003, Plaintiff resubmitted her bid for further consideration. Id.

On October 30, 2003, Plaintiff called the Contracting Office and spoke to Defendant Umstot, who Plaintiff alleges informed Plaintiff that her bid had not been accepted, and that the contract had been awarded to another bidder. Id. at ¶ 5.  Plaintiff claims that Umstot failed to apprise Plaintiff of her right to protest the Contract Office's decision, or the procedures governing such protests. Id.  On

---

[2] The factual background in this Opinion is drawn from a brief recitation of facts attached to Plaintiff's pro se Complaint.  It is not entirely clear whether that factual recitation is part of Plaintiff's Complaint or was prepared for use in an earlier administrative proceeding, in which Plaintiff also asserted her employment discrimination claim, and is now attached to Plaintiff's Complaint.  In any event, the factual recitation is located at page eleven of the nineteen pages that comprise Plaintiff's Complaint and the attached exhibits.

December 15, 2003, Plaintiff filed a letter of protest with the Comptroller General of the United States, pursuant to the Competition in Contracting Act, 31 U.S.C. 3551, et. seq, in which she argued that she was induced by the contract specialists into submitting a higher-priced quotation than she otherwise would have, and that the selection of the other vendor was tainted by racial bias against her. Id. at ¶¶ 5-6. On December 18, 2003, the Comptroller General dismissed Plaintiff's protest as untimely because it was not filed within the ten-day period established by regulation.[3] Id. at ¶ 6.

On January 21, 2004, Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission (EEOC), in which she alleged that she had not be awarded the government contract due to racial discrimination. Compl. at pg. 6-8, 17-19. The EEOC dismissed Plaintiff's administrative complaint on February 5, 2004, and held that it failed to state a claim under 29 C.F.R. § 1614.103(c), because Plaintiff was not an employee nor an applicant for employment with a covered governmental entity. Id. at pg. 6. The EEOC further informed Plaintiff that, if she so desired, she could file a civil action in an appropriate United States District Court within ninety calendar days from the date she received its decision. Id. at pg.7. Finally, the EEOC also informed Plaintiff that if she chose to file a civil action, she must name the official agency or department head as a Defendant. Id. On July 27, 2004, the Office of Federal Operations (OFO) affirmed the EEOC's dismissal of Plaintiff's administrative complaint. Id. at 6-8.

On October 29, 2004, Plaintiff attempted to file a Complaint in this Court. However, Plaintiff's attempt was unsuccessful because, after requesting permission to file her Complaint

---

[3] With certain exceptions not relevant to this case, the applicable regulation provides that a bid protest based on other than alleged improprieties in a solicitation must be filed with either the contracting agency or the Comptroller General's Office no later than ten calendar days after the protester knew, or should have known of the basis for protest, whichever is earlier. 4 C.F.R. § 21.2(a)(2). The Comptroller General determined that Plaintiff was aware of the basis for her protest after her October 30, 2003 telephone conversation with Umstot. Compl. pg. 9.

without prepayment of fees, Plaintiff failed to submit the entire required in forma pauperis application. Eventually, on March 21, 2005, Plaintiff properly filed her Complaint, in which she alleges employment discrimination in violation of Title VII of the Civil Rights Act of 1964. Specifically, Plaintiff argues: (1) she was discriminated against because she alone was subjected to a panel interview with regard to her bid proposal; (2) the contract specialists induced Plaintiff to increase her bid by ten hours, then rejected it because Plaintiff was not the lowest bidder; (3) Plaintiff was never given written notice that the contract had been awarded to another bidder; and (4) Defendants did not promptly apprise Plaintiff of the requisite bid protest procedures. Id. at pg. 11, ¶ 6. Id.

On December 14, 2005, Defendants, in a limited appearance, filed this Motion to Dismiss Plaintiff's Complaint, in which they argue: (1) the Complaint fails to state a claim; (2) Plaintiff has failed to make effective and timely service of process; and (3) the Court lacks jurisdiction over the Title VII claim because Plaintiff has not alleged a required employment relationship with the Department of the Army. On January 5, 2006, Plaintiff filed written opposition to Defendant's Motion. In her opposition brief, Plaintiff concedes that she was not a government employee or applicant for government employment at the time of Defendants alleged discrimination. Id.

**II.    DISCUSSION**

**A.    Motion to Dismiss Standard**

In considering a motion to dismiss a plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom. In re Rockefeller Ctr. Prop., Inc. Sec. Litig., 311 F.3d 198, 215 (3d Cir. 2002). However, legal conclusions offered in the guise of factual allegations are not afforded a

similar presumption of truthfulness. Chugh v. Western Inventory Services, Inc., 333 F. Supp. 2d 285, 289 (D.N.J. 2004) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A complaint may be dismissed for failure to state a claim where it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations. Hishon, 467 U.S. at 73. Also, on a motion to dismiss, a court generally does not consider documents extraneous to the pleadings, but may consider a "document integral to or explicitly relied upon in the complaint ... without converting the motion to dismiss into one for summary judgment." In re Burlington Coat Factory Secs. Litig., 114 F.3d at 1426 (citation omitted).

After liberally construing Plaintiff's pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972); Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004), I find that her Complaint fails to state a claim under Title VII because Plaintiff does not possess the necessary employment relationship required under 42 U.S.C.A. § 2000e-16(a) and 29 C.F.R. § 1614.103(c). Before discussing the substance of that determination, however, I briefly address Defendants' additional arguments in support of their Motion to Dismiss.

**B.    Timely and Effective Service of Process**

Defendants argue that Plaintiff has failed to serve timely and effective process on them in this case. Among the various Defendants Plaintiff has named in this action are two locations, Fort Dix and the Army Reserve Contracting Center. Both locations are places from which the United States Department of the Army conducts official business. The Department of the Army is a division of the United States Department of Defense, a federal agency. Service on an agency of the United States is governed by Fed. R. Civ. P. 4(i), which requires delivery of a summons and complaint by registered or certified mail to the United States Attorney for the district in which the action is filed,

as well as delivery of a summons and compliant, by the same means, upon the United States Attorney General.[4] Likewise, when an employee or agent of a government agency is sued in his or her official and individual capacity, as is the case here, Fed. R. Civ. P. 4 requires service upon the United States Attorney and the United States Attorney General, as well as upon the individual.

Rule 4 of the Federal Rules of Civil Procedure also sets forth the time period within which service must be made to be effective. Specifically, the Rule requires a plaintiff to serve a summons and complaint upon the proper defendants within 120 days after filing her complaint. Fed. R. Civ. P. 4(m). If a plaintiff fails to make proper service within that period, Rule 4 requires a court to dismiss the action without prejudice, upon the defendant's motion or on the court's own initiative. Id. Alternatively, the Rule allows a court to extend the time for service if the plaintiff shows good cause for her failure to make timely service of process. Id. It is within a court's sound discretion to dismiss an action if a plaintiff fails to show good cause for her failure to timely effect adequate

---

[4] Fed. R. Civ. P. 4(i) states in relevant part:

(1) Service upon the United States shall be effected
(A) by delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia
...
(2)(A) Service upon an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and of the complaint by registered or certified mail to the officer, employee, agency, or corporation.
...
(3) The court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve:
(A) all persons required to be served in an action governed by Rule 4(i)(2)(A), if the plaintiff has effected service on either the United States attorney or the Attorney General of the United States....

service of process. McCurdy v. American Board of Plastic Surgery, 157 F.3d 191, 196-97 (3d Cir. 1998).

To establish good cause, a plaintiff must demonstrate good faith and some reasonable basis for noncompliance within the time specified by the rules; however, the primary focus at all times must be on the plaintiff's reason (if any) for not complying with Fed. R. Civ. P. 4(m). See MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995), cert. denied, 519 U.S. 815 (1996). A plaintiff's inadvertence cannot constitute good cause, Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1307 (3d Cir. 1995); neither can the potential expiration of a statute of limitations, nor the absence of prejudice to the defendants. MCI, 71 F.3d at 1097-98; Petrucelli, 46 F.3d at 1307 n.11. Further, while a court must liberally construe a pro se plaintiff's pleadings, such a plaintiff is not excused from her obligation to comply with the Federal Rules of Civil Procedure. See, e.g., Bullock v. United States, 160 F.3d 441, 442 (8th Cir. 1998); Chester v. Green, 120 F.3d 1091 (10th Cir. 1997); Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995); FDIC v. Anchor Properties, 13 F.3d 27, 31 (1st Cir. 1994).

In this case, not only has Plaintiff failed to timely serve the United States Attorney for the District of New Jersey, the United States Attorney General, and the Department of the Army, she has not served them at all. As set forth above, the Court received Plaintiff's Complaint on October 29, 2004, but because of a defect in her application for in forma pauperis status, the Court did not permit filing of Plaintiff's Complaint until March 21, 2005, when the defect was cured. Therefore, the 120-day period for timely service set forth in Fed. R. Civ. P. 4(m) expired on or around July 21, 2005. While Plaintiff has served her Complaint on the individual Defendants in this case, such service is ineffective without service upon the Attorney General of the United States and the United

States Attorney.

Further, Plaintiff has presented no good faith explanation for her failure to effect timely and proper service in this case. Instead, she asserts merely that she was unaware of the requirements of Fed. R. Civ. P. 4. Ignorance of such procedural requirements is among the risks a litigant assumes when proceeding pro se, and is not, without more, a good faith basis to relax such requirements. Accordingly, Plaintiff's Complaint is subject to dismissal without prejudice. However, because Plaintiff's Complaint suffers from a more serious and substantive deficiency which requires dismissal with prejudice, I decline to dismiss this case on the basis of her failure to effect timely and proper service.

**C.     Proper Party Defendant**

Next, Defendants argue that Plaintiff's failure to name the appropriate agency head in this case requires dismissal of her Complaint. To be sure, 42 U.S.C. § 2000e-16(c), requires a plaintiff seeking relief pursuant to Title VII to name as a Defendant in a civil action under the statute the head of the agency at issue. See, e.g., Mahoney v. United States Postal Service, 884 F.2d 1194, 1196 (9th Cir. 1989); Newbold v. United States Postal Serv., 614 F.2d 46, 47 (5th Cir. 1980); Swingle v. Henderson, 142 F. Supp. 2d 625, 631 (D.N.J.2001) (dismissing the United States Postal Service and noting that "any wrongful and actionable acts of the Postmaster General are chargeable as acts of the Postal Service") (citing Loeffler v. Frank, 486 U.S. 549, 562 n.8 (1988)). It is equally well-established that Title VII does not authorize suit against other employees based upon acts comprising the Title VII claim. See Owens v. United States, 822 F.2d 408, 410 (3d Cir.1988) (Title VII is the exclusive remedy for discrimination claims against other employees); Geisen v. Tackman, 537 F.2d 784 (3d Cir.1976) (No cause of action exists against the individual postal employees for violations

of Title VII).

Here, the single claim asserted in Plaintiff's Complaint alleges a violation of Title VII. As set forth above, such a claim may only be maintained against the head of the national agency responsible for the job action at issue. Indeed, Plaintiff was specifically instructed by the EEOC, in its letter dismissing her administrative complaint, that in any subsequent civil action she was required to name as a party defendant the official agency head of the national agency at issue. She has not done so, and instead has named only certain individual defendants and two physical locations. Consequently, her Complaint is subject to dismissal without prejudice. However, such a dismissal would leave open the door for Plaintiff to amend her Complaint to name the proper party Defendant. Thus, I will not grant Defendant's Motion on this basis, since such an amendment would prove futile because of the more substantive deficiency of Plaintiff's claim. See, e.g., Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended Complaint would not survive a motion to dismiss."). I now address the substantive deficiency of Plaintiff's claim.

**D.     Required Employment Relationship**

To bring a successful Title VII claim against the United States, a Plaintiff must demonstrate the existence of a required employment relationship. See 42 U.S.C.A. § 2000e-16(a); 29 C.F.R. § 1614.103(c). Section 2000e-16(a) provides that "the threshold requirement for imposing Title VII liability against the federal government is that Plaintiff be an employee, or applicant for employment, of the Defendant federal agency." See also King v. Dalton, 895 F. Supp. 831, 836 (E.D. VA 1995). Further, Title VII protects workers who are 'employees,' but does not protect independent contractors." Kahn v. American Heritage Life Ins. Co., 324 F. Supp. 2d 652, 655 (E.D. Pa. 2004)

(citations omitted); see also Metropolitan Pilots Association, L.L.C. v. Schlosberg 151 F. Supp. 2d 511 (D.N.J. 2001).  When Congress has not explicitly defined the term "employee," courts apply the common law agency test to determine whether an individual is either an employee or independent contractor.[5]  Schlosberg 151 F. Supp. 2d at 519.  Finally, a plaintiff's lack of a required employment relationship deprives her of standing to pursue a Title VII claim.[6] See Jacob-Mua v. Venemen, 289 F.3d 517 (8th Cir. 2005) (holding that a non-employee volunteer lacks standing to bring a retaliation claim under title VII).

Here, Plaintiff concedes that it is "an undeniable truth" that she was not a government employee at the time the events that form the basis of her Complaint occurred. See Pf. Opp. Br. at pg. 2.  Accordingly, I need look no further than Plaintiff's pleadings to conclude that her Title VII claim must fail.  By her own admission, Plaintiff did not possess an employment relationship with any named or otherwise appropriate Defendant in this case at the relevant time.  Rather, Plaintiff was merely an unsuccessful bidder for a government contract.  After learning that she was not the lowest bidder, Plaintiff filed an unsuccessful protest of the contracting process, and pursued an unsuccessful administrative claim with the EEOC.  She now seeks relief, by way of this Title VII action, which has already been denied under competent authority.[7]  Unfortunately, such relief is not available to

---

[5] Among the factors courts consider in distinguishing between an employee under Title VII and an independent contractor are: (1) the hiring party's right to control the manner and means by which the product is accomplished; (2) the skill required; (3) the source of the instrumentalities and tools; (4) location of work; (5) duration of the relationship between the parties; and (6) method of payment. Schlosberg 151 F. Supp. 2d  at 519.

[6] To be sure, standing is a  necessary component to establish a court's jurisdiction to hear any matter. See Warth v. Seldin, 422 U.S. 490,498-99 (1975) (whether a plaintiff "has made out a 'case or controversy' . . . within the meaning of Article III . . . is the threshold question in every federal case, determining the power of the court to entertain suit.").

[7] I note that even after the Comptroller General denied Plaintiff's December 15, 2003, bid protest, Plaintiff remained free to assert an action challenging the propriety of the contract award process

Plaintiff under Title VII, and her Complaint is dismissed.

### III.     CONCLUSION

I find that Plaintiff lacks the statutorily required employment relationship with any of the named or otherwise appropriate Defendants in this case. Consequently, her Title VII employment discrimination claim must fail as a matter of law. Accordingly, Defendants' Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6), is granted.

An appropriate Order shall follow.

/s/ Freda L. Wolfson
Honorable Freda L. Wolfson
United States District Judge

Date: August 9, 2006.

---

in the United States Court of Claims. See 31 U.S.C.A. § 3556.